## MILLER v. McINTOSH.

No. 20965. Opinion Filed May 24, 1932.

W. A. Barnett and A. E. Graham, for plaintiff in error.

Seawell & Dooley, for defendant in error.

HEFNER, J. This is an action brought in the district court of Okmulgee county by Ida McIntosh against Harjo J. Miller and others to quiet title to a one-third undivided interest in 160 acres of land in that county.

The land originally constituted the allotment of Rosanna Herrod, full-blood Creek Indian, who died in 1927, without living issue. Plaintiff claims to be a grandchild of the allottee and alleges that Greely McIntosh was her father and a son of Rosanna Herrod; that her father died in 1916, and prior to the death of her grandmother; that he left surviving, as his only heirs, plaintiff and John and Lydia McIntosh; and that each of such heirs is entitled to inherit a one-third undivided interest in the allotment of their grandmother.

Defendant Miller defended on the ground that plaintiff was not a child of Greely McIntosh, but was an illegitimate child of Wiley Kelly, and was therefore not entitled to inherit any part of the allotment of Rosanna Herrod. He further alleged that John and Lydia McIntosh were the only surviving children of Greely McIntosh and entitled to inherit a portion of the allotment here involved, and that he purchased from them their interest therein.

The trial was to the court and resulted in the finding that plaintiff was the daughter of Greely McIntosh and the granddaughter of Rosanna Herrod, deceased, and entitled to inherit a one-third undivided interest in her allotment.

Defendant has appealed and presents his case on the sole theory that plaintiff is not a grandchild or heir of deceased allottee and not entitled to inherit any portion of her estate and that he is the sole owner of the land by purchase from John and Lydia McIntosh, the only heirs of deceased. It is his contention that the finding of the trial court that Greely McIntosh was the father of plaintiff is against the clear weight of the evidence.

Plaintiff introduced in evidence her enrollment record, which recites that Dick McIntosh, otherwise known as Greely McIntosh, is her father, and that Susan McIntosh is her mother, and that she was born on April 12, 1902. Plaintiff testified that Greely McIntosh was her father, and John and Lydia McIntosh testified likewise. Others who were acquainted with the family testified that both Mr. and Mrs. McIntosh claimed Ida as their daughter. Defendant attempted to prove that plaintiff was the illegitimate child of Wiley Kelly. The only evidence offered by him on this issue was that after the separation of Mr. and Mrs. McIntosh, Kelly was frequently seen at the home of Mrs. McIntosh. The date of the separation of the parties is not shown by the evidence in the record. Plaintiff was born April 12, 1902, and there is evidence which shows that Greely McIntosh and his wife were seen together as late as January, 1902.

Defendant also introduced in evidence a petition in the heirship proceeding in connection with the estate of Wiley Kelly, deceased, signed by plaintiff, in which she claimed to be his daughter, and in which her mother claimed to be his wife. She also signed other documents in which it is recited that she is the daughter of Wiley Kelly, and she so testified in the heirship proceedings. The county court before whom the heirship proceeding was conducted found against this claim and held that Ida McIntosh was not the daughter of Wiley Kelly, was not his heir, and was not entitled to inherit any part of his estate.

Plaintiff stated that she could not read or write and that she simply signed and said what she was told to sign and say. An examination of the instrument signed by her will disclose that she signed her name to all of them as Ida McIntosh. None of them have affixed thereto the signature of Ida Kelly. The trial court heard plaintiff's explanation relative to her former testimony and signatures to these instruments, and the manner in which they were executed, and, taking the explanation into consideration with all the evidence and circumstances in the case, found that Greely McIntosh was the father of plaintiff. We cannot say that this finding is against the clear weight of the evidence.

Appellant further contends that the court erred in admitting in evidence that portion

of the enrollment record which recites that Dick McIntosh, otherwise known as Greely McIntosh, is the father of plaintiff. This evidence was properly admitted. Page v. Atkins, 86 Okla. 290, 208 P. 807; Halsell v. Beartail, 107 Okla. 103, 272 P. 392; Mowdy v. Leeper, 122 Okla. 16, 250 P. 432; Cox v. Colbert, 135 Okla. 218, 275 P. 317. Under these authorities, there was no error in admitting the evidence objected to.

The judgment is affirmed.

CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and RILEY, J., absent.

Note.—See under (1), R. C. L. Perm. Supp. pp. 3542, 3543. (2), 2 R. C. L. 203; R. C. L. Perm. Supp. p. 377; R. C. L. Pocket Part, title Appeals, § 172.